CITY OF YOUNGSTOWN, APPELLANT, *v.* CIVIL SERVICE COMMISSION OF CITY OF YOUNGSTOWN ET AL., APPELLEES.

[Cite as City of Youngstown v. Civil Service Comm., 8 Ohio App. 2d 205.]

(No. 4633—Decided November 10, 1966.)

*Mr. Patrick J. Melillo,* director of law, and *Mr. James W. Cannon,* for appellant.
*Mr. William J. Higgins,* for appellees.

LYNCH, J. Plaintiff, appellant herein, filed a declaratory judgment action in the Common Pleas Court to determine whether the Civil Service Commission of the city of Youngstown is permitted, under the provisions of Section 143.341 of the Revised Code, to exclude, if it desires, consideration of "efficiency" as an added credit in promotional examinations of firemen. The language of Section 143.341 of the Revised Code to be interpreted is as follows:

"Credit for efficiency may be given as an added credit and shall be ten per cent of the member's efficiency rating for the last year and shall be based on the record of efficiency maintained in the fire department in the manner established by the civil service commission, provided the efficiency shall be graded by three ranking officers of the fire department familiar with the work of the member. In those cases where three such officers do not exist the ranking officers or officer familiar with the work of the member shall grade the efficiency."

The trial court held that the word, "may," in the context of Section 143.341 gives to the Civil Service Commission of the city of Youngstown the discretionary power to use "efficiency" as an added credit for grading purpose or not to give any grade credit for "efficiency," as it desires. The plaintiff is appealing this decision of the trial court.

Plaintiff's first assignment of error is that the verdict and judgment is contrary to law. We hold that plaintiff's contention, that Section 1.26 of the Revised Code is applicable to this case, is without merit. The language of Section 143.341 of the Revised Code that is at issue in this case became effective October 5, 1955. Section 143.341 of the Revised Code was amended on August 16, 1961, and on January 23, 1963, but neither of these amendments affected this paragraph. Section 1.26 of the Revised Code concerns the amendment of Section 143.341 that became effective January 23, 1963; therefore, Section 1.26 of the Revised Code is inapplicable to this case.

We hold that the language of Section 143.341 of the Revised Code is clear that a civil service commission has the discretionary power to either use or not to use credit for efficiency as an added credit in promotional examintions for fireman.

Plaintiff then contends that this interpretation of Section 143.341 of the Revised Code makes this special legislation; and that it lacks uniformity and is contrary to Section 26, Article II of the Ohio Constitution, which provides as follows:

"All laws, of a general nature, shall have a uniform operation throughout the state; nor, shall any act, except such as relates to public schools, be passed, to take effect upon the approval of any other authority than the General Assembly, except, as otherwise provided in this Constitution."

The Legislature has enacted the following statutes which are only applicable to firemen:—

Section 143.32, Revised Code—Age requirements for firemen.

Section 143.342, Revised Code—Eligible lists for firemen.

Section 143.344, Revised Code—Filling of vacancies in a fire department.

Section 4115.02, Revised Code—Maximum consecutive hours for firemen on duty.

Section 143.341 of the Revised Code applies uniformly to

all firemen in the state of Ohio. We hold that the fact that the language of Section 143.341 of the Revised Code that is at issue in this case applies only to firemen rather than to other civil service employees does not violate Section 26, Article II of the Ohio Constitution.

We further hold that the language of Section 143.341 of the Revised Code that is at issue in this case does not violate Section 10, Article XV of the Ohio Constitution.

Section 10, Article XV of the Ohio Constitution requires promotions in the civil service to be made according to merit and fitness, to be ascertained, as far as practicable, by competitive examinations. We feel that the reference to ''merit and fitness'' does not constitute a mandatory requirement that ''efficiency'' must be included in the final grade in promotional examinations.

Plaintiff presents some persuasive arguments that as a matter of policy credit for efficiency should be included in the final grade in promotional examinations. However, we hold that the Legislature has the power to determine the policy on this question. Since a statute has been enacted on this question, our function is to give effect to the intention of the Legislature in enacting this statute.

We, therefore, hold that the language of Section 143.341 of the Revised Code that is at issue in this case is constitutionally valid.

*Judgment affirmed.*

JOHNSON, P. J., and JONES, J., concur.